UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>U.S. DEPARTMENT SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Respondent. | 1:13-cv-01852 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner states he is currently in custody at the Kern County Jail in Lerdo, California, pending a charge of driving under the influence. On November 8, 2013, Petitioner filed the instant habeas petition. Petitioner challenges a 2010 decision of an administrative law judge concerning his Social Security benefits.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

　　　　Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

1

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In this case, Petitioner fails to state a cognizable claim. He does not claim he is in custody in violation of the Constitution. Rather, he claims he is not being given the social security benefits that he has been awarded. The petition fails to state a cognizable federal claim, and no tenable claim could be made if leave to amend were granted. Therefore, the petition should be dismissed.

///

///

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 11, 2013**             **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE